FREEDMAN v CITY OF OAK PARK

Docket No. 94488. Submitted April 27, 1987, at Detroit. Decided April
12, 1988. Leave to appeal denied, 431 Mich 863.

Moshe Freedman, a minor, was allegedly injured after falling
through a hole in the roof of a covered park bench in a public
park operated by the City of Oak Park. Shaindy Freedman,
individually and as next friend of Moshe Freedman, filed suit
against the city in Oakland Circuit Court alleging that defen-
dant negligently maintained the park bench shelter. Defendant
moved for summary disposition, contending that plaintiff's
action was barred by governmental immunity. Plaintiff
amended the complaint to add a nuisance claim and argued
that defendant's failure to maintain the park bench shelter
came within the public buildings exception to the governmental
immunity statute. The court, Gene Schnelz, J., granted sum-
mary disposition in favor of defendant on both the negligence
and nuisance claims. Plaintiff appealed.

The Court of Appeals held:

1. The trial court correctly concluded that the public build-
ings exception to the governmental immunity statute was
inapplicable to plaintiff's negligence claim. The structure in-
volved is not a building as contemplated by the statute and,
even if it were, the roof of the structure was not designed for
being climbed upon, which Moshe Freedman was doing when
he was injured. Thus, Freedman's injuries did not result from a
dangerous or defective condition, as contemplated by the stat-
ute, but from his improper use of the park bench shelter.
Alternatively, the public buildings exception is inapplicable to
the negligence claim because plaintiff failed to oppose defen-
dant's motion for summary disposition with specific facts dem-
onstrating a genuine issue of material fact as to whether

REFERENCES

Am Jur 2d, Municipal, School, and State Tort Liability §§ 53 et seq.,
293 et seq.
Am Jur 2d, Parks, Squares, and Playgrounds §§ 43 et seq.
Comment Note.—Municipal immunity from liability for torts. 60
ALR2d 1198.

defendant had the requisite knowledge of the alleged defect in the roof.

2. The trial court properly granted summary disposition in favor of defendant on the intentional nuisance claim. No genuine issue of material fact was shown regarding whether the alleged nuisance was intentionally created or continued by defendant.

Affirmed.

1. GOVERNMENTAL IMMUNITY — PUBLIC BUILDINGS EXCEPTION.

The purpose of the public buildings exception to the governmental immunity statute is to protect the general public from injury by imposing upon governmental agencies the duty to maintain safe public buildings; liability is imposed for injury and damage resulting from a dangerous or defective condition of a public building, and the question whether a part of a building is dangerous or defective is determined in light of the uses or activities for which it is specifically assigned (MCL 691.1406; MSA 3.996[106]).

2. GOVERNMENTAL IMMUNITY — PUBLIC BUILDINGS EXCEPTION — KNOWLEDGE.

The public buildings exception to the governmental immunity statute requires that the governmental agency have actual or constructive knowledge of a defect in a public building and, for a reasonable time after acquiring knowledge of the defect, fail to remedy the condition or take action reasonably necessary to protect the public (MCL 691.1406; MSA 3.996[106]).

3. NUISANCE — NUISANCE IN FACT — INTENT.

A nuisance in fact is actionable by reason of circumstances and surroundings, and an act may be found to be a nuisance in fact if its natural tendency is to create danger and inflict injury to persons or property; the nuisance is intentional if the creator intends to bring about the conditions which are in fact found to be a nuisance.

4. MOTIONS AND ORDERS — SPECIFICATION OF COURT RULES.

Courts and attorneys should be conscious of and specify the court rules upon which motions are based and granted.

*Swanson & Torgow, P.C.* (by *Mikael G. Hahner* and *Gary H. Torgow*), for plaintiff.

*Jacobs & Miller* (by *Earl R. Jacobs*), for defendant.

Before: WALSH, P.J., and WAHLS and J. R. GID-
DINGS,* JJ. .

PER CURIAM. Plaintiff appeals as of right from
the trial court's July 30, 1986, order granting
summary disposition in favor of defendant. We
affirm.

Plaintiff Shaindy Freedman commenced this ac-
tion individually and as the next friend of Moshe
Freedman, a child who was allegedly injured on
June 7, 1982, after falling through a hole in the
roof of a covered park bench in a public park
operated by defendant Oak Park. The complaint,
filed June 5, 1985, alleged that defendant negli-
gently maintained this park bench shelter.

On April 14, 1986, defendant filed a motion for
summary disposition under MCR 2.116, contending
that plaintiff's negligence action was barred by
governmental immunity. The motion was sup-
ported by the affidavit of a maintenance employee,
who averred that he repaired the roof of the park
bench shelter four days prior to Moshe Freedman's
accident.

On April 25, 1986, plaintiff filed an amended
complaint which added a nuisance claim and modi-
fied the negligence claim to allege that defendant's
failure to maintain the park bench shelter came
within the "public building" exception to the gov-
ernmental immunity act, MCL 691.1406; MSA
3.996(106). In its answer and affirmative defenses,
defendant contended that plaintiff's claims were
barred by governmental immunity and sought a
judgment of no cause of action.

On July 9, 1986, a hearing was held on defen-
dant's motion for summary disposition. In granting
summary disposition in favor of defendant on both
the negligence and nuisance claims, the trial court

---

* Circuit judge, sitting on the Court of Appeals by assignment.

considered the amended complaint, the parties' briefs, the affidavit filed by defendant ·and pictures of the park bench shelter submitted by plaintiff. Plaintiff's negligence claim was dismissed based on the trial court's determination that the park bench shelter did not come within the public building exception. Plaintiff's nuisance claim was summarily dismissed because the court found "nothing there at all."

On appeal, plaintiff first contends that the trial court erred in granting summary disposition to defendant on the negligence claim. Plaintiff argues that the park bench shelter came within the public building exception to governmental immunity. We disagree.

Initially, we note that the trial court did not specify which subsection of MCR 2.116(C) provided the basis of its ruling. Since the parties' dispute revolves around whether there was factual support for plaintiff's claim that the park bench shelter fit within the public building exception and the trial court considered the parties' proofs in ruling on the motion, we shall consider defendant's motion as having been granted under subsection (10). See *Weeks v Bd of Trustees, Detroit General Retirement System,* 160 Mich App 81, 84; 408 NW2d 109 (1987), lv den 429 Mich 870 (1987); *Jones v Employers Ins of Wausau,* 157 Mich App 345, 349-350; 403 NW2d 130 (1987), lv den 428 Mich 899 (1987).

The public building exception to governmental immunity, MCL 691.1406; MSA 3.996(106), provides in pertinent part:

> Governmental agencies have the obligation to repair and maintain public buildings under their control when open for use by members of the public. Governmental agencies are liable for bodily injury and property damage resulting from a dan-

gerous or defective condition of a public building if
the governmental agency had actual or construc-
tive knowledge of the defect and, for a reasonable
time after acquiring knowledge, failed to remedy
the condition or to take action reasonably neces-
sary to protect the public against the condition.

The purpose of the exception is to protect the
general public from injury by imposing upon gov-
ernmental agencies the duty to maintain safe
public buildings. *Pichette v Manistique Public
Schools,* 403 Mich 268, 285; 269 NW2d 143 (1978).
Liability is imposed for injury and damage "result-
ing from a dangerous or defective condition of a
public building," MCL 691.1406; MSA 3.996(106),
and the question whether a part of a building is
dangerous or defective is determined in light of
the "uses or activities" for which it is "specifically
assigned." *Bush v Oscoda Area Schools,* 405 Mich
716, 731; 275 NW2d 268 (1979). Although the
exception has been construed broadly to include
fixtures on the land adjacent to a public building,
i.e., a slide on a school playground, the exception
has not been construed as including such fixtures
when not immediately adjacent to or a part of any
public building. Compare *Pichette, supra,* to *Jolly
v City of St Clair,* 428 Mich 860; 400 NW2d 597
(1987).

Here, the park bench shelter was open to the
public and it was a man-made structure. However,
we do not believe it to be a building as contem-
plated by the statute. It merely provides a place to
sit or a place to seek refuge from inclement
weather. Moreover, the roof of the park bench
shelter was clearly not designed for being climbed
upon, as Moshe Freedman was allegedly doing in
this case. Thus, even assuming that the park
bench shelter was a public building, Moshe Freed-
man's injuries did not result from a dangerous or

defective condition as contemplated by the statute. Rather, it was Moshe Freedman's improper use of the park bench shelter which resulted in his injury. We therefore affirm the trial court's ruling that the public building exception was inapplicable to plaintiff's claim.

Alternatively, we agree with the trial court's determination that the public building exception was inapplicable because the affidavit submitted by defendant established that the hole in the roof through which Moshe Freedman allegedly fell did not exist four days prior to his fall and that defendant received no complaints about the roof. MCL 691.1406; MSA 3.996(106) requires that the governmental agency have actual or constructive knowledge of the defect and, for a reasonable time after acquiring knowledge, fail to remedy the condition or take action reasonably necessary to protect the public. Since plaintiff failed to oppose defendant's motion with specific facts demonstrating a genuine issue of material fact as to whether defendant had the requisite knowledge of the alleged defect in the roof, we conclude that summary disposition was properly granted in favor of defendant. See MCR 2.116(G)(4) and *Weeks, supra,* p 84.

Plaintiff also contends that the trial court erred in dismissing sua sponte the intentional nuisance claim. Plaintiff argues that the question whether the park bench shelter was an intentional nuisance is a factual one. Defendant, on the other hand, argues that plaintiff failed to plead sufficient facts to establish an intentional nuisance claim.

Although the trial court did not specify the court rule upon which it based its ruling, we will again treat the ruling as having been based on subrule (10), with consideration being given to the pleadings and proofs submitted by the parties.

Plaintiff's intentional nuisance claim was based on the nuisance category known as a nuisance in fact. *Martin v Michigan,* 129 Mich App 100, 108; 341 NW2d 239 (1983), lv den 422 Mich 891 (1985). A nuisance in fact is actionable by reason of circumstances and surroundings, and an act may be found to be a nuisance in fact if its natural tendency is to create danger and inflict injury to persons or property. *Id.,* p 108. The nuisance is intentional if the creator intends to bring about the conditions which are in fact found to be a nuisance. *Rosario v Lansing,* 403 Mich 124, 142; 268 NW2d 230 (1978) (MOODY, J., concurring); *Denny v Garavaglia,* 333 Mich 317; 52 NW2d 521 (1952).

Here, plaintiff's nuisance claim was based on defendant's alleged failure to take affirmative remedial action. Although there appears to be a conflict in the decisions of this Court as to whether an omission to act may be the basis of an intentional nuisance action, we need not resolve this issue for purposes of this case. See *Chapin v Coloma Twp,* 163 Mich App 614, 619; 415 NW2d 221 (1987). The question which is dispositive of this appeal is whether a genuine issue of material fact existed on the intent required for an intentional nuisance claim. Although plaintiff's amended complaint alleged that the defective condition was "intentionally created or continued" by defendant, we find such conclusory language insufficient to support a nuisance claim. See *Ovist v Dep't of State Hwys,* 119 Mich App 245, 257; 326 NW2d 468 (1982), rev'd in part on other grounds 422 Mich 906 (1985). "Too often, 'nuisance' terminology is used to mask what are, in fact, simple negligence claims for the purpose of avoiding some effects of calling it what it is, a negligence claim."

*Schroeder v Canton Twp,* 145 Mich App 439, 441; 377 NW2d 822 (1985).

The crux of plaintiff's allegations in support of the claim that defendant's omission to act was intentional is contained in paragraph 11 of the amended complaint, which states:

> That the defective condition of the roof of the shelter existed for a significant period of time prior to the date of this accident which Defendant knew or should have known about.

As we previously discussed, however, defendant's affidavit established what it knew, and plaintiff failed to show that a genuine issue of material fact existed regarding defendant's knowledge. Moreover, although some decisions of this Court have considered a "knowledge" standard to be an appropriate test for the intent element of a nuisance claim, the standard applied has been whether defendant knew or must have known that harm to a plaintiff was substantially certain to follow, as distinguished from the lesser standard of whether defendant knew or should have known of a defective condition, as is alleged in plaintiff's amended complaint. *Velmer v Baraga Area Schools,* 157 Mich App 489, 500; 403 NW2d 171 (1987), lv gtd on other grounds, 428 Mich 910 (1987), and see *Chapin, supra,* p 619, n 1 (noting a possible conflict in the decisions of this Court on this intent requirement). As was stated by Justice MOODY in *Rosario, supra,* p 143, n 2:

> In discussing conduct that may result in nuisance liability, William Prosser made the following differentiations between intentional nuisances and negligent nuisances:
> "Occasionally [intentional nuisances] proceed from a malicious desire to do harm for its own

sake; but more often they are intentional merely in the sense that the defendant has created or continued the condition causing the nuisance *with full knowledge* that the harm to the plaintiff's interests is substantially certain to follow." [Emphasis in original.]

Having considered the pleadings and proofs as provided for in MCR 2.116(G)(4) and (5), we conclude that the trial court properly granted summary disposition in favor of defendant on plaintiff's intentional nuisance claim. No genuine issue of material fact was shown regarding whether the alleged nuisance was intentionally created or continued by defendant. We do, however, take this opportunity to again remind the parties' attorneys and the lower court to be conscious of and specify the court rule relied on. *Jones, supra,* p 350.

Affirmed.