O'CONNELL v KELLOGG COMMUNITY COLLEGE

Docket No. 219292. Submitted November 7, 2000, at Grand Rapids.
    Decided March 2, 2001, at 9:00 A.M.

    Steven O'Connell brought an action in the Calhoun Circuit Court
        against Kellogg Community College, seeking damages for injuries
        allegedly suffered when he tripped while walking on the elevated
        loading dock of the defendant's boiler building. The defendant
        moved for summary disposition on the basis of governmental
        immunity, arguing that the loading dock was not part of the build-
        ing and, accordingly, that the plaintiff's action did not come within
        the scope of MCL 691.1406; MSA 3.996(106), the public building
        exception to governmental immunity. The court, Allen L. Gar-
        brecht, J., granted summary disposition for the defendant, finding
        that the loading dock was akin to a sidewalk adjacent to a building
        rather than part of the building itself. The plaintiff appealed.

        The Court of Appeals held:

        Because the public building exception to statutory governmental
        immunity should be narrowly drawn, a slip and fall injury arising
        from a dangerous or defective condition existing in an area adja-
        cent to an entrance or exit of a building that is not part of the pub-
        lic building will not come within the public building exception. In
        this case, however, the elevated loading dock is an essential part of
        the boiler building, providing the means of ingress into and egress
        from the back of the building, and, therefore, is part of the building
        for the purpose of the public building exception. Accordingly, the
        trial court erred in granting summary disposition for the defendant
        on the basis of governmental immunity.

        Reversed and remanded.

GOVERNMENTAL IMMUNITY — PUBLIC BUILDING EXCEPTION — LOADING DOCKS.

    An elevated loading dock that serves as a means of ingress into and
        egress from a public building is an essential part of the building
        and, therefore, is properly considered to be part of the building for
        the purpose of the public building exception to statutory govern-
        mental immunity (MCL 691.1406; MSA 3.996[106]).

*James E. Gould & Associates, P.C.* (by *Stuart L. Weesner*), for the plaintiff.

*Kurt F. Letzring*, for the defendant.

Before: NEFF, P.J., and MURPHY and GRIFFIN, JJ.

PER CURIAM. Plaintiff appeals as of right an order granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(7) on the basis that plaintiff's complaint does not fall within the public building exception to governmental immunity.[1] We reverse and remand for further proceedings consistent with this opinion.[2]

At the time of his personal injury, plaintiff was employed by the Magic Security Agency and was acting as a security guard on defendant's premises. Plaintiff alleges that while walking on the elevated loading dock of defendant's "boiler building," he tripped on chipped and cracked concrete. Although plaintiff prevented the fall by grabbing a nearby handrail, he claims an injury to his back requiring surgery as a result of his trip on the allegedly defective premises.

---

[1] MCL 691.1406; MSA 3.996(106) provides in pertinent part:

Governmental agencies have the obligation to repair and maintain public buildings under their control when open for use by members of the public. Governmental agencies are liable for bodily injury and property damage resulting from a dangerous or defective condition of a public building if the governmental agency had actual or constructive knowledge of the defect and, for a reasonable time after acquiring knowledge, failed to remedy the condition or to take action reasonably necessary to protect the public against the condition.

[2] Defendant's alternative ground for summary disposition was the defense that the alleged defect was open and obvious. The lower court did not rule on this argument, and the alternative ground for affirmance has not been argued on appeal. Accordingly, we express no opinion regarding the issue.

The issue below and on appeal is whether the loading dock of defendant's boiler building is part of the building itself. We hold that the loading dock is part of defendant's boiler building and, therefore, reverse the order of summary disposition granted in favor of defendant.

We review de novo a trial court's grant of summary disposition pursuant to MCR 2.116(C)(7) to determine whether the defendant is entitled to judgment as a matter of law. *Sewall v Southfield Public Schools*, 456 Mich 670, 674; 576 NW2d 153 (1998). Further, the exceptions to a governmental entity's immunity from tort liability when performing a governmental function are narrowly drawn. *Id.*; *Wade v Dep't of Corrections*, 439 Mich 158, 166; 483 NW2d 26 (1992).

In the lower court and on appeal, both parties rely on *Horace v Pontiac*, 456 Mich 744; 575 NW2d 762 (1998). *Horace* holds that structures in the nature of a walkway or a sidewalk adjacent to a public building are not part of the building itself for the purpose of the public building exception: "slip and fall injuries arising from a dangerous or defective condition existing in an area adjacent to an entrance or exit, but nevertheless still not part of a public building, do not come within the public building exception." *Id.* at 758.

In granting summary disposition in favor of defendant, the circuit court considered *Horace* and determined that the loading dock was more akin to a walkway area adjacent to a building than part of a building itself:

> [T]here's a loading dock area, and what have you, giving where this alleged defect is located, I guess I see it as in essence, essentially, in fact, being in what amounts to a

walkway area adjacent to the building, and that makes it not a part under the narrow construction of the exception; not a part of the public building and, therefore, the immunity, I think, is applicable in this case and the Summary of Disposition should be granted.

Although it is now clear that the public building exception is to be construed narrowly and adjacent areas are not part of a public building, a precise definition of "building" for purposes of the governmental immunity exception has not been articulated by our Supreme Court.

This Court's only attempt to define what is a "building" for purposes of a public building exception came in *Ali v Detroit*, 218 Mich App 581; 554 NW2d 384 (1996). In *Ali*, we held that a bus shelter was a building because it was a walled structure with a roof designed to protect people from inclement weather. *Id.* at 584-585. However, the issue in the present case—whether an area outside the four walls of the structure can be part of the building itself—was not addressed in *Ali*.

Although the majority opinion in *Horace* did not attempt to define the term "building," the Supreme Court suggested in a footnote that stairs leading up to or down from an elevated building entrance might be considered part of the building itself for purposes of the governmental building exception:

> The dissent suggests that our opinion may cut off liability for injuries resulting from the collapse of an outside overhang on a public building, *stairs leading up to or down from an elevated building entrance,* an underground tunnel leading into a building, an attached external ramp or railing. While it is not necessary for us to resolve these hypothetical situations in the case at bar, we note that an outside overhang is a danger presented by a physical condition of a

building itself and *that some stairs also may fit the test we adopted today if they are truly part of the building itself.* [*Horace, supra* at 756-757, n 9 (emphasis added).]

In the present case, defendant's boiler building contains an elevated entrance that is serviced by the loading dock. Defendant admits the loading dock was part of the building's original blueprints. Further, ingress into and egress from the back of the building would not be possible without the loading dock.

Under these circumstances, extending the reasoning of the majority in *Horace*, we hold that the loading dock is part of defendant's boiler building. The loading dock is an essential part of defendant's boiler building and, therefore, part of the building itself. For these reasons, we hold that the building exception to governmental immunity applies and, accordingly, reverse the order of the lower court.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.