# STATE OF MICHIGAN

# COURT OF APPEALS

---

AUDREY RUFF, as Next Friend of ANTHONY
CHARLES HUBBERT, a Minor,

UNPUBLISHED
November 4, 2014

Plaintiff-Appellee,

v

No. 317017
Wayne Circuit Court
LC No. 12-000571-NO

SUBURBAN MOBILITY AUTHORITY FOR
REGIONAL TRANSPORTATION, a/k/a
SMART,

Defendant-Appellant.

---

Before: CAVANAGH, P.J., and JANSEN and RONAYNE KRAUSE, JJ.

RONAYNE KRAUSE, J. (*dissenting*)

I respectfully dissent. I disagree with the majority's finding of insufficiency in the complaint and conclusion that a missing pane of glass from a bus shelter cannot be considered a dangerous or defective condition pursuant to MCL 691.1406.

First, the majority correctly observes that plaintiff did not address the public-building exception to governmental immunity in her complaint. I agree that a plaintiff must generally plead in avoidance of governmental immunity, but the instant matter unambiguously involves one of the exceptions to that general rule. Pursuant to MCR 2.118(C)(1), when "issues not raised by the pleadings are tried by express or implied consent of the parties, they are treated as if they had been raised by the pleadings. In that case, amendment of the pleadings to conform to the evidence and to raise those issues may be made on motion of a party at any time, even after judgment." For a year and a half, the parties have argued the issue of governmental immunity as if it had been pleaded, demonstrating their implied consent. Because the issue has been treated as if raised by the pleadings, plaintiff can move to amend her complaint at any time, even after judgment. It would be improper to dismiss this matter without giving plaintiff the opportunity to do so.

Likewise, I agree with the majority's recitation of the law applicable to the "public building exception" to governmental immunity, and there is no dispute that the bus-stop shelter is a "public building." Critically, there must be "a defect or dangerous condition of the public building itself . . . " *Abrams v Schoolcraft Community College*, 178 Mich App 668, 670; 444 NW2d 533 (1989). This dangerous or defective condition is considered "in light of the 'uses or

-1-

activities' for which it is 'specifically assigned[.]' " *Bush v Oscoda Area Schools*, 405 Mich 716, 731; 275 NW2d 268 (1979) (opinion by L<small>EVIN</small>, J.). I disagree with the majority's conclusion that the missing pane of glass in this matter is not "a dangerous or defective condition" of the bus-stop shelter.

It is undisputed that the fundamental purpose of the bus shelter is to protect people from inclement weather. The majority states that without the pane of safety glass in question, the structure remained safe and continued to serve its fundamental purpose. I simply fail to follow the majority's reasoning. First, it is not disputed that the purpose of the structure was "to protect people from inclement weather." *Ali v City of Detroit*, 218 Mich App 581, 585; 554 NW2d 384 (1996). The missing pane of glass meant half of one side of the structure was missing. I fail to understand how that absence could possibly not adversely affect the exclusion of adverse weather from the structure except possibly in unusually wind-free conditions. It is, by way of analogy, generally understood that leaving a car window down in the rain seldom improves the car's upholstery.

Additionally, the provision of seating in the structure shows that it was intended to serve a secondary purpose of allowing would-be bus passengers an opportunity to rest or wait in some degree of comfort. It is a matter of everyday and common experience that people will tend to lean against walls. Furthermore, it is a matter of everyday and common experience that children will use the shelter as well as adults; Michigan law recognizes that a higher standard of care is required when children are likely to be involved. *Moning v Alfono*, 400 Mich 425; 254 NW2d 759 (1977); *Fire Ins Exchange v Diehl*, 450 Mich 678; 545 NW2d 602 (1996); *Bragan ex rel Bragan v Symanzik*, 263 Mich App 324; 687 NW2d 881 (2004).

The word "defective" is not defined in the statute, so it should be given its ordinary meaning. MCL 8.3a; see also *McCormick v Carrier*, 487 Mich 180, 192; 795 NW2d 517 (2010). "Defect" is defined in Black's Law Dictionary as an "imperfection or shortcoming, esp. in a part that is essential to the operation or safety of a product" and in Random House Webster's College Dictionary as, in relevant part, "a fault or shortcoming" or a "lack of something essential." A complete wall would seem obviously essential to keeping inclement weather out of a structure, and I simply fail to comprehend the majority's terse dismissal of this possibility. A complete wall would also seem essential to basic safety of occupants, particularly where its absence results in not only a void but a trip hazard at foot level. I would expect that such a structure can reasonably be anticipated to be crowded and distracting and occupied by children, as well.

I conclude that reasonable minds could differ regarding whether the missing pane of glass rendered the shelter dangerous or defective, so I would not reverse the circuit court's denial of defendant's motion for summary disposition.

/s/ Amy Ronayne Krause