# STATE OF MICHIGAN

# COURT OF APPEALS

AUDREY RUFF, as Next Friend of ANTHONY
CHARLES HUBBERT, a Minor,

UNPUBLISHED
November 4, 2014

Plaintiff-Appellee,

v

No. 317017
Wayne Circuit Court

SUBURBAN MOBILITY AUTHORITY FOR
REGIONAL TRANSPORTATION, a/k/a
SMART,

LC No. 12-000571-NO

Defendant-Appellant.

Before: CAVANAGH, P.J., and JANSEN and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant ("defendant" or "SMART") appeals by right the circuit court's order denying its motion for summary disposition brought on the basis of governmental immunity.[1] For the reasons set forth in this opinion, we reverse and remand for entry of judgment in favor of defendant pursuant to MCR 2.116(C)(7).

I

Plaintiff and her son, Anthony Charles Hubbert ("Hubbert"), entered a SMART bus-stop shelter on September 12, 2011. Plaintiff and Hubbert were not waiting for a bus. Instead, it appears that they stopped at the shelter to rest. One of the large panes of safety glass was missing from the side of the shelter. Hubbert stepped backward through the opening where the pane of safety glass had been. He tripped and sustained injuries to his left arm.

Plaintiff, as her son's next friend, filed this negligence action in the Wayne Circuit Court alleging that Hubbert would not have tripped and sustained injuries if the pane of safety glass had not been missing.

---

[1] The circuit court's denial of a motion for summary disposition brought on the basis of governmental immunity is appealable by right. MCR 7.203(A)(1); MCR 7.202(6)(a)(*v*); *Thurman v Pontiac*, 295 Mich App 381, 383 n 1; 819 NW2d 90 (2012).

Defendant timely answered plaintiff's complaint and set forth its affirmative defenses. Among other things, defendant asserted that it was immune from liability for Hubbert's injuries pursuant to the governmental tort liability act ("GTLA"), MCL 691.1401 *et seq*. Specifically, defendant alleged that the public-building exception was inapplicable on the facts of this case because Hubbert's injuries had not "result[ed] from a dangerous or defective condition of a public building."

On April 18, 2013, defendant moved for summary disposition pursuant to MCR 2.116(C)(7), (8), and (10). Of particular relevance to this appeal, defendant argued that it was a governmental agency within the meaning of the GTLA and that the only exception to governmental immunity that could possibly provide liability in this case was the public-building exception of MCL 691.1406. Defendant contended that the missing pane of safety glass was not "a dangerous or defective condition of a public building" within the meaning of MCL 691.1406.

In response, plaintiff cited *Ali v Detroit*, 218 Mich App 581, 585; 554 NW2d 384 (1996), for the proposition that a SMART bus-stop shelter constitutes a "public building" within the meaning of MCL 691.1406. Plaintiff argued that the missing pane of safety glass was a "dangerous or defective condition," which had caused Hubbert's injuries.

The circuit court heard oral argument on June 7, 2013. Defense counsel took issue with this Court's holding in *Ali*, 218 Mich App at 585, arguing that a bus-stop shelter should not be considered a "public building" for purposes of the GTLA. Plaintiff's counsel responded by arguing that *Ali* was binding precedent and that there remained a genuine issue of material fact concerning whether the missing pane of safety glass constituted "a dangerous or defective condition of a public building" within the meaning of MCL 691.1406. Defense counsel pointed out that Hubbert's injuries were not caused by broken or jagged glass. Instead, Hubbert's injuries were simply caused by his backward fall through an opening on one side of the shelter. Defense counsel maintained that this opening was not a "dangerous or defective condition."

The circuit court ruled that defendant was a governmental agency for purposes of the GTLA and that the bus-stop shelter was a "public building" within the meaning of MCL 691.1406. See *Ali*, 218 Mich App at 585. However, the court determined that there remained a genuine issue of material fact with regard to whether the missing pane of safety glass constituted "a dangerous or defective condition" within the meaning of the public-building exception. The court also determined that there remained fact questions concerning whether defendant knew of the missing pane of glass and whether defendant had made attempts to replace the missing glass within a reasonable time. On June 13, 2013, the circuit court entered an order denying defendant's motion for summary disposition.

II

"Summary disposition under MCR 2.116(C)(7) is appropriate when a claim is barred by immunity granted by law." *Seldon v SMART*, 297 Mich App 427, 432; 824 NW2d 318 (2012). We review de novo the circuit court's grant or denial of a motion for summary disposition. *Thurman v Pontiac*, 295 Mich App 381, 384; 819 NW2d 90 (2012). "If there are no material facts in dispute or if reasonable minds could not differ regarding the legal effect of the facts, the

issue of governmental immunity is resolved as an issue of law." *Norris v Lincoln Park Police Officers*, 292 Mich App 574, 578; 808 NW2d 578 (2011).

III

We reverse the circuit court's denial of defendant's motion for summary disposition because it was beyond genuine factual dispute that the missing pane of safety glass did not constitute "a dangerous or defective condition of a public building" within the meaning of MCL 691.1406.

As a preliminary matter, we note that plaintiff did not address or even mention the public-building exception to governmental immunity in her complaint. It was defendant that first raised the issue, specifically identifying the public-building exception of MCL 691.1406 and then proceeding to explain why it did not believe the exception applied. "[A] party suing a unit of government must plead in avoidance of governmental immunity." *Mack v Detroit*, 467 Mich 186, 203; 649 NW2d 47 (2002). Plaintiff did not do so. She did not even acknowledge the existence of governmental immunity, much less the statutory exception under which she was suing defendant.

"A governmental agency is immune from tort liability when performing a governmental function unless a statutory exception applies." *Norris*, 292 Mich App at 578; see also MCL 691.1407(1). The circuit court correctly determined that SMART is a governmental agency for purposes of the GTLA, and neither party disputes that the ownership and maintenance of a bus-stop shelter is a governmental function. See *Seldon*, 297 Mich App at 440; *Ali*, 218 Mich App at 584-585; see also MCL 691.1401(b).

As defendant aptly observed below, the only exception to governmental immunity that could possibly create liability in this case is the public-building exception of MCL 691.1406, which provides in pertinent part:

> Governmental agencies have the obligation to repair and maintain public buildings under their control when open for use by members of the public. Governmental agencies are liable for bodily injury and property damage resulting from a dangerous or defective condition of a public building if the governmental agency had actual or constructive knowledge of the defect and, for a reasonable time after acquiring knowledge, failed to remedy the condition or to take action reasonably necessary to protect the public against the condition. Knowledge of the dangerous and defective condition of the public building and time to repair the same shall be conclusively presumed when such defect existed so as to be readily apparent to an ordinary observant person for a period of 90 days or longer before the injury took place. As a condition to any recovery for injuries sustained by reason of any dangerous or defective public building, the injured person, within 120 days from the time the injury occurred, shall serve a notice on the responsible governmental agency of the occurrence of the injury and the defect. The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant.

This Court has previously held that a SMART bus-stop shelter constitutes a "public building" within the meaning of MCL 691.1406. *Ali*, 218 Mich App at 585. The holding of *Ali* is binding upon this Court, MCR 7.215(C)(2); MCR 7.215(J)(1), and we decline defendant's invitation to revisit the reasoning of *Ali* or declare a conflict. Instead, the critical question in this case is whether the missing pane of safety glass constituted "a dangerous or defective condition" of the bus-stop shelter. We conclude that it did not.

In order for the public-building exception to apply, the plaintiff must have been injured by "a defect or dangerous condition of the public building itself. . . ." *Abrams v Schoolcraft Community College*, 178 Mich App 668, 670; 444 NW2d 533 (1989). "[W]hether a part of a building . . . is dangerous or defective is to be determined in light of the 'uses or activities' for which it is 'specifically assigned[.]' " *Bush v Oscoda Area Schools*, 405 Mich 716, 731; 275 NW2d 268 (1979) (opinion by LEVIN, J.). "In determining whether a place is safe, one must consider the use or purpose it serves." *Id*. at 732.

The parties agree that bus-stop shelters are typically enclosed by panes of safety glass on three sides, but left open on the fourth side in order to allow people to enter and exit. The documentary evidence submitted in this case establishes that while one of the panes of safety glass was entirely missing from the shelter at issue, most or all of the other panes remained in place. This Court has stated that the fundamental purpose of a SMART bus-stop shelter is "to protect people from inclement weather." *Ali*, 218 Mich App at 585. In light of this purpose, it simply cannot be said that one missing pane of safety glass rendered the structure "dangerous or defective" within the meaning of MCL 691.1406. Even with one pane of safety glass missing, the structure remained safe and continued to serve its fundamental purpose. See *Bush*, 405 Mich at 731-732. Indeed, plaintiff does not even attempt to explain how the missing pane of safety glass undermined the core purpose for which the shelter was designed. No reasonable person could conclude that the missing pane of glass rendered the shelter "dangerous or defective" within the meaning of MCL 691.1406. See *Norris*, 292 Mich App at 578. We conclude that plaintiff failed to plead in avoidance of governmental immunity and that the public-building exception did not apply in this case.

IV

Reasonable minds could not differ regarding the legal effect of the facts in this case. Defendant was entitled to governmental immunity. We reverse the order denying defendant's motion for summary disposition and remand to the circuit court for entry of judgment in favor of defendant on the basis of governmental immunity. MCR 2.116(C)(7). Given our resolution of the issues, we need not address the alternative arguments raised by defendant on appeal.

Reversed and remanded for entry of judgment in favor of defendant. We do not retain jurisdiction. As the prevailing party, defendant may tax its costs pursuant to MCR 7.219.

/s/ Mark J. Cavanagh
/s/ Kathleen Jansen

-4-