# STATE OF MICHIGAN

# COURT OF APPEALS

LISA ANN JACQUES,

       Plaintiff-Appellant,

v

TOWNSHIP OF MACOMB,

       Defendant-Appellee.

UNPUBLISHED
April 14, 2016

No. 326244
Macomb Circuit Court
LC No. 2013-004336-NO

Before: MURRAY, P.J., and STEPHENS and RIORDAN, JJ.

PER CURIAM.

In this negligence action, plaintiff Lisa Ann Jacques, appeals as of right the trial court order granting summary disposition under MCR 2.116(C)(7) and (C)(10) to defendant Macomb Township. We affirm.

## I. BACKGROUND

This action arises from a trip and fall. On October 30, 2011, plaintiff fell on a raised portion of the sidewalk at 47333 Juniper Road in Macomb Township. She filed a complaint against defendant Macomb Township two years later on October 28, 2013, alleging that defendant was negligent for failing to maintain the sidewalk in reasonable repair in accordance with MCL 691.1402(1)[1] of the Governmental Tort Liability Act (GTLA), MCL 691.1401 *et seq.* Defendant filed its answer and affirmative defenses on December 13, 2013. On November 10, 2014, defendant moved for summary disposition under MCR 2.116(C)(7) and (C)(10). Defendant argued that it was entitled to governmental immunity because plaintiff failed to show defendant had notice of any sidewalk defect as required under MCL 691.1402a and MCL 691.1403, and that under MCL 691.1402a(b), a rebuttable statutory inference existed in its favor that the sidewalk was in reasonable repair when the discontinuity defect was less than two inches. Plaintiff's response admitted the discontinuity defect was less than two inches, but argued that the affidavit of her expert Steven J. Ziemba, deposition testimony from defendant's building official Daniel J. Fairless, and photographic evidence were sufficient to rebut the

_____

[1] All references to the GTLA are to the statute's former version, 1999 PA 205, applicable in 2011 at the time of plaintiff's trip and fall.

-1-

statutory inference. Plaintiff also asserted that defendant had constructive notice of the sidewalk defect based on the opinion of Ziemba that the defect existed for 30 days prior to plaintiff's fall. After a hearing on the motion, the court issued its opinion and order on February 13, 2015, granting defendant summary disposition under MCR 2.116(C)(7) and (C)(10) and dismissing plaintiff's complaint under MCR 2.116(I)(1). The court held that Ziemba's opinions were unreliable, citing MRE 702 and MCL 600.2955. The court also held that plaintiff failed to show defendant had the required statutory notice of the sidewalk defect.

## II. STATUTORY NOTICE

Assuming arguendo, that Ziemba's affidavit has sufficient indicia of reliability to create a material question of fact regarding a three-eighths inch discontinuity that would render the sidewalk defective, the trial court's grant of summary disposition would have nonetheless been correct due to a lack of evidence on notice. Plaintiff argues that she provided sufficient evidence to show that the defect existed for a period of 30 days before her fall as to impute constructive notice of the defect on defendant. We disagree.

In addition to showing that the sidewalk was not in reasonably safe repair under MCL 691.1402(1), plaintiff must also show under MCL 691.1402a(1)(a) that defendant "[a]t least 30 days before the occurrence of the relevant injury . . . knew or, in the exercise of reasonable diligence, should have known of the existence of a defect in a sidewalk . . . ." Under MCL 691.1403,

> [n]o governmental agency is liable for injuries or damages caused by defective highways unless the governmental agency knew, or in the exercise of reasonable diligence should have known, of the existence of the defect and had a reasonable time to repair the defect before the injury took place. Knowledge of the defect and time to repair the same shall be conclusively presumed when the defect existed so as to be readily apparent to an ordinarily observant person for a period of 30 days or longer before the injury took place.

"MCL 691.1402 and 691.1403 require that the governmental agency be aware that the defect rises to the level that, if not repaired, it unreasonably endangers public travel." *Wilson*, 474 Mich at 163. "[A]n *imperfection* in the roadway will only rise to the level of a compensable 'defect' when that imperfection is one which renders the highway not 'reasonably safe and convenient for public travel,' and the government agency is on notice of that fact." *Id*. at 168. "The Legislature has also indicated that knowledge and time enough to repair are conclusively presumed when the defect has been readily apparent to an ordinarily observant person for 30 days or longer before the injury." *Id*. at 169. Plaintiff can only prevail however, if she "present[s] evidence that [defendant], aware of this particular condition, would have understood it posed an unreasonable threat to safe public travel and would have addressed it." *Id*. MCR 2.116(C)(10) summary disposition is appropriate when plaintiff fails to establish that a question of material fact exists as to whether defendant had the statutorily required notice of an unsafe condition. *Id*. at 170.

Constructive notice is established by showing that the governmental agency should have discovered the defect in the exercise of reasonable diligence. *Ali v Detroit*, 218 Mich App 581, 586-587; 554 NW2d 384 (1996). Plaintiff argues that an exercise of reasonable diligence would

have been for defendant to have a sidewalk maintenance program. Plaintiff contends that the program would have made defendant aware of the condition of the sidewalk and that defendant, once aware, would have repaired the sidewalk. Fairless however, measured and observed the sidewalk two months after plaintiff's fall and concluded that it was not in need of repair. Thus, plaintiff cannot prove that once defendant was "aware of [the] particular condition, [it] would have understood it posed an unreasonable threat to safe public travel and would have addressed it." *Wilson*, 474 Mich at 169.

Plaintiff also argues that defendant should have known of the defect because of how long it existed. Again, we disagree. Plaintiff offered Ziemba's affidavit as proof that the sidewalk defect existed for 30 days prior to her accident. Ziemba opined that the defect formed due to either vehicular travel or the freeze and thaw cycles in Michigan. Under either circumstance, Ziemba concluded that the defect did not occur overnight, but rather over a period of years due to the weathering and deterioration of the sidewalk. He further opined that the discontinuity occurred more than 30 days prior to plaintiff's fall. While the freeze/thaw cycle is a concept for which judicial notice may be taken, Ziemba offered no facts, data, scientific testing or formula to support his opinion that the freeze/thaw cycle caused this sidewalk to be raised more than his benchmark three-eighths of an inch more than 30 days prior to the incident giving rise to this litigation. Ziemba's affidavit also, did not offer an opinion as to whether the defect was readily apparent to an ordinarily observant person as provided under MCL 691.1403. Plaintiff testified that the defect was not observable to her because it was covered with grass and dirt. Ziemba's observation of the sidewalk was after all vegetation had been removed. Constructive notice is imputed to defendant "when the defect has been readily apparent to an ordinarily observant person for 30 days or longer before the injury." *Wilson*, 474 Mich at 169. Therefore, neither Ziemba's opinion nor plaintiff's testimony support that defendant had constructive notice of the defect.

Affirmed.


/s/ Christopher M. Murray
/s/ Cynthia Diane Stephens
/s/ Michael J. Riordan