PIERCE v CITY OF LANSING

Docket No. 250124. Submitted February 2, 2005, at Lansing. Decided February 10, 2005, at 9:00 a.m. Leave to appeal sought.

Sheryl L. Pierce and her husband, Herman M. Pierce, brought an action in the Ingham Circuit Court against the city of Lansing and Otis Elevator Company, seeking damages for injuries alleged to have been caused when Sheryl Pierce fell while entering an elevator in a city-owned parking structure because the floor of the elevator and the floor of the parking structure were not even. The court, Paula J. Manderfield, J., denied the city's motion for summary disposition, rejecting its claim that the parking structure was not a public building to which the public building exception to governmental immunity applies, as well as its alternative claim that liability is precluded by the open and obvious danger doctrine. The city appealed.

The Court of Appeals *held*:

1. The trial court correctly determined that the multi-floor parking structure was a building for the purpose of the public building exception to governmental immunity, MCL 761.1406. The structure is a relatively permanent, essentially box-like structure made of concrete; it has a roof, is enclosed by half walls, and is open to the public. Access to stairwells and elevators are fully enclosed. The structure has electricity and running water, and houses offices that are heated and air conditioned.

2. The elevator in the parking structure was bolted to the structure, and the elevator shaft is constructed into the building. The elevator is clearly a fixture. As a fixture, its allegedly defective condition is considered to be a condition of the public building within the meaning of MCL 761.1406, the public building exception to governmental immunity.

3. The malfunction of the elevator is not a transitory condition requiring maintenance, such as a spill or other maintenance-related danger. The evidence presented was of longstanding mechanical problems with the elevator, of which problems the city was aware.

4. The open and obvious doctrine of common-law premises liability is inapplicable to a governmental agency that has a more specific mandate such as that in MCL 761.1406, which imposes on governmental agencies the obligation to repair and maintain public buildings under their control and imposes liability for bodily injury or property damage resulting from a dangerous or defective condition of the building if such an agency had real or constructive knowledge of a defect for a reasonable time and failed to remedy the condition or to protect the public from the condition.

Affirmed.

1. GOVERNMENTAL IMMUNITY — PUBLIC BUILDING EXCEPTION — PARKING STRUCTURE.

A city-owned parking structure with many attributes of a building is a building and an elevator in the structure is a fixture of the building for the purpose of the public building exception to governmental immunity from tort liability with respect to bodily injury or property damage resulting from a dangerous or defective condition of the building (MCL 761.1406).

2. GOVERNMENTAL IMMUNITY — PUBLIC BUILDING EXCEPTION — OPEN AND OBVIOUS DOCTRINE.

The open and obvious doctrine of common-law premises liability is inapplicable to a governmental agency that has a more specific mandate such as that in the public building exception to governmental immunity, which exception imposes on governmental agencies the obligation to repair and maintain public buildings under their control imposes liability for bodily injury or property damage resulting from a dangerous or defective condition of the building if such an agency had real or constructive knowledge of a defect for a reasonable time and failed to remedy the condition or to protect the public from the condition (MCL 761.1406).

*Sinas, Dramis, Brake, Boughton & McIntyre, P.C.* (by *Michael E. Larkin*), for Sheryl L. and Herman M. Pierce.

*Plunkett & Cooney, P.C.* (by *Mary Massaron Ross, Camille T. Horne*, and *David K. Otis*), for the city of Lansing.

Before: MARKEY, P.J., and MURPHY and O'CONNELL, JJ.

PER CURIAM. Defendant city of Lansing[1] appeals by right the trial court's order denying its motion for summary disposition under MCR 2.116(C)(7) and (10). We affirm.

Plaintiffs commenced this action, alleging that plaintiff Sheryl Pierce was injured when she fell while entering an elevator at a city-owned parking structure. Plaintiff[2] alleged that she fell when she failed to notice that the floor of the elevator was not even with the floor on which she was standing. According to a witness, the floor levels were uneven because the elevator was bouncing up and down when the doors opened.

Defendant moved for summary disposition on the basis of governmental immunity and claimed that the parking structure where plaintiff fell was not a public building for purposes of the public building exception to governmental immunity, MCL 691.1406. The trial court denied the motion and additionally rejected defendant's alternative argument that it could not be liable for plaintiff's injuries because the allegedly dangerous condition of the elevator was open and obvious.

Defendant first argues that the trial court erred in finding that the parking structure where plaintiff was injured qualifies as a public building.

Governmental immunity is a question of law that is reviewed de novo. *Mack v Detroit*, 467 Mich 186, 193; 649 NW2d 47 (2002). Also, a trial court's decision on a motion for summary disposition is reviewed de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817

---

[1] Plaintiffs also named Otis Elevator Company as a defendant. Because Otis Elevator Company is not a party to this appeal, as used in this opinion, the term "defendant" refers to the city of Lansing only.

[2] Plaintiff Herman Pierce alleged a derivative claim for loss of consortium. The singular term "plaintiff" is used in this opinion to refer to plaintiff Sheryl Pierce only.

(1999). When reviewing a motion for summary disposition under MCR 2.116(C)(7), all well-pleaded allegations must be accepted as true and construed in favor of the nonmoving party, unless contradicted by any affidavits, depositions, admissions, or other documentary evidence submitted by the parties. *Id.* at 119. If no facts are in dispute, or if reasonable minds could not differ regarding the legal effect of the facts, the question whether the claim is barred by governmental immunity is an issue of law. *Id.* at 120-122.

The public building exception to governmental immunity, MCL 691.1406, provides:

> *Governmental agencies have the obligation to repair and maintain public buildings under their control when open for use by members of the public. Governmental agencies are liable for bodily injury and property damage resulting from a dangerous or defective condition of a public building* if the governmental agency had actual or constructive knowledge of the defect and, for a reasonable time after acquiring knowledge, failed to remedy the condition or to take action reasonably necessary to protect the public against the condition. Knowledge of the dangerous and defective condition of the public building and time to repair the same shall be conclusively presumed when such defect existed so as to be readily apparent to an ordinary observant person for a period of 90 days or longer before the injury took place. . . . [Emphasis added.]

A plaintiff seeking to invoke the public building exception must prove:

> "(1) a governmental agency is involved, (2) the public building in question is open for use by members of the public, (3) a dangerous or defective condition of the public building itself exists, (4) the governmental agency had actual or constructive knowledge of the alleged defect, and (5) the governmental agency failed to remedy the alleged defective condition after a reasonable period of time or failed to take action reasonably necessary to protect the

public against the condition after a reasonable period."
[*Fane v Detroit Library Comm*, 465 Mich 68, 75; 631 NW2d
678 (2001), quoting *Kerbersky v Northern Michigan Univ*,
458 Mich 525, 529; 582 NW2d 828 (1998).]

Our Supreme Court has held that in order to be covered
by the public building exception "the injury must be
occasioned by the dangerous or defective physical con-
dition of the building itself. As long as the danger of
injury is presented by a physical condition of the
building, it little matters that the condition arose
because of improper design, faulty construction, or
absence of safety devices." *Reardon v Dep't of Mental
Health*, 430 Mich 398, 410; 424 NW2d 248 (1988).

Because MCL 691.1406 does not define the term
"building," appellate courts will "give it its plain and
ordinary meaning, and consult dictionary definitions."
*Ali v Detroit*, 218 Mich App 581, 584; 554 NW2d 384
(1996). As this Court observed in *Ali, supra* at 584-585:

> "Building" is defined as a "relatively permanent, essen-
> tially boxlike construction having a roof and used for any of
> a wide variety of activities, as living, entertaining, or
> manufacturing," *The Random House College Dictionary:
> Revised Edition* (1984), and a "structure designed for
> habitation, shelter, storage, trade, manufacturing, religion,
> business, education and the like. A structure or edifice
> enclosing a space within its walls, and usually, but not
> necessarily[,] covered with a roof." Black's Law Dictionary
> (5th ed).

In *Ali*, the Court concluded that, in light of the ordinary
and commonly accepted meaning of the word "build-
ing," a bus passenger shelter that was described as "a
walled structure made of plexiglas and steel and was
designed to protect people from inclement weather"
was a building within the meaning of the statute. *Id.* at
585.

Conversely, in *Freedman v Oak Park*, 170 Mich App 349, 353; 427 NW2d 557 (1988), this Court held that, although a covered park bench was a man-made structure open to the public, it was not a public building. The Court in *Freedman* reasoned that because the purpose of the covered park bench was merely to "provide[] a place to sit or a place to seek refuge from inclement weather," it was not a public building. *Id.* In reaching this conclusion, the Court relied on *Bush v Oscoda Area Schools*, 405 Mich 716; 275 NW2d 268 (1979). In that case, however, our Supreme Court stated that "whether a part of a building . . . is dangerous or defective is to be determined in light of the 'uses or activities' for which it is 'specifically assigned.' " *Id.* at 731. The Court held that it was for the trier of fact to determine whether a classroom, in light of its use as a science laboratory, was defective because of a lack of appropriate safety features. *Id.* at 731-732. Thus, while the purpose of a building may be relevant to the determination whether part of a building is dangerous or defective, we do not believe it is dispositive of whether the structure itself is part of a building.

As in *Ali*, the present case involves a relatively permanent, essentially box-like structure made of concrete. The parking structure has a roof and is enclosed on all sides by half-walls. The structure is owned by defendant and is open to the public for off-street vehicular parking. It has an old section with five levels plus roof parking and a newer section with six levels plus roof parking. Pedestrians have access to the various levels of the structure by means of fully enclosed elevators and stairwells. The structure has running water and electricity, houses some city offices that are heated and air conditioned, and it is where approximately thirty to forty people work. We conclude that the

trial court properly found that the parking structure in this case is a "public building" within the meaning of MCL 691.1406.

Defendant notes that cases have uniformly held that ordinary street-level parking lots are not public buildings and argues that the structure at issue here is nothing more than a series of parking lots stacked on top of one another. Yet, the cases defendant cites hold that parking lots are not *part of* a public building. See *Puroll v Madison Hts*, 187 Mich App 672, 673-674; 468 NW2d 52 (1991); *Merritt v Dep't of Social Services*, 184 Mich App 522, 523-524; 459 NW2d 10 (1990); *Abrams v Schoolcraft Community College*, 178 Mich App 668, 669-671; 444 NW2d 533 (1989). Plaintiff here was not injured in a parking lot, but in an allegedly defective elevator that is part of a public parking structure. None of the cases defendant cites involves a structure, as here, that itself is a public building.

We also agree with plaintiff that in accordance with *Reardon*, the elevator where she fell qualifies as a fixture, and that her injury therefore was "occasioned by the physical condition of the building itself." *Reardon, supra* at 413. A "fixture" is defined as an item that has "a possible existence apart from the realty, but which may, by annexation, be assimilated into realty." *Fane, supra* at 78 (citation omitted). "An item is a fixture if (1) it is annexed to realty, (2) its adaptation or application to the realty is appropriate, and (3) it was intended as a permanent accession to the realty." *Id.* (holding that a raised stone terrace between the sidewalk and the building entrance was part of a public building, but a portable ramp was not); see, also, *Velmer v Baraga Area Schools*, 430 Mich 385, 393-396; 424 NW2d 770 (1988) (holding that a one-ton milling machine is a fixture of a public building).

In the present case, it is undisputed that the elevator is located within the four half-walls of the parking structure. The elevator is bolted to the structure. Photographs show that the elevator shaft is constructed into the building. Thus, the elevator is physically attached to and annexed to the realty; it is not intended to be removed. Therefore, the elevator is clearly a fixture, and its allegedly defective condition is considered to be a condition "of a public building" within the meaning of the statute.

Defendant argues that even if the parking structure is a public building and the elevator is a fixture, there is no liability under the statute because the elevator malfunction was a transitory condition. Our Supreme Court has held that transitory maintenance issues, such as the accumulation of a slippery substance on the floor, are not considered to be a defect in the physical condition of a public building. *Wade v Dep't of Corrections*, 439 Mich 158, 160-161; 483 NW2d 26 (1992). The present case, however, does not involve a spill or a similar maintenance-related danger. Rather, it involves an alleged mechanical defect to a physical structure. Additionally, plaintiff presented evidence of longstanding mechanical problems with the particular elevator of which defendant was aware. This evidence would support a finding that the alleged elevator malfunction was not a transitory condition falling outside the scope of the public building exception.

Defendant alternatively argues that even if the parking structure is a public building, it is entitled to summary disposition under MCR 2.116(C)(10) because the conditions that caused plaintiff's injury were open and obvious; therefore, there can be no finding of liability. We disagree. When reviewing a motion for summary disposition under MCR 2.116(C)(10), a court

must examine the documentary evidence presented below and, drawing all reasonable inferences in favor of the nonmoving party, determine whether a genuine issue of material fact exists. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996).

As a preliminary matter, we note that while MCR 7.202(6)(v)[3] provides that "[a]n order denying governmental immunity to a governmental party, including a governmental agency, official, or employee" is appealable by right, MCR 7.203(A)(1) provides that "[a]n appeal from an order described in MCR 7.202(7)(a)(iii)-(v) *is limited to the portion of the order with respect to which there is an appeal of right.*" (Emphasis added.) Where the language of a court rule is clear and unambiguous, it must be enforced as written. *In re KH*, 469 Mich 621, 628; 677 NW2d 800 (2004). We therefore conclude that in an appeal by right from an order denying a defendant's claim of governmental immunity, such as this one, this Court does not have the authority to consider issues beyond the portion of the trial court's order denying the defendant's claim of governmental immunity. To conclude otherwise would render part of the court rule nugatory.[4] Nevertheless, in the interest of

---

[3] This subsection was formerly (7) but, effective May 1, 2004, was renumbered (6). See 469 Mich clxxxi. MCR 7.203(A)(1) still refers to this subsection as MCR 7.202(7).

[4] In *Newton v Michigan State Police*, 263 Mich App 251, 256-259; 688 NW2d 94 (2004), a panel of this Court held that, where the trial court denies a governmental defendant's motion for summary disposition on grounds other than governmental immunity, this Court does not have the authority to decide the defendant's appeal by right even though the issue of governmental immunity was raised below and on appeal. The present case is distinguishable, however, because the trial court reached both the issue of governmental immunity and the open and obvious doctrine. Two other panels have disagreed with *Newton*, but this Court has declined to convene a special conflict panel to resolve the issue. See *Costa v Community Emergency Medical Services Inc*, 263 Mich App 572, 581-585;

judicial economy, we will consider the open and obvious issue as on leave granted.

In *Jones v Enertel, Inc*, 467 Mich 266, 267; 650 NW2d 334 (2002), our Supreme Court held that "the open and obvious doctrine of common-law premises liability is inapplicable to a claim that a municipality violated its statutory duty to maintain a sidewalk on a public highway in reasonable repair." See also *Haas v Ionia*, 214 Mich App 361; 543 NW2d 21 (1995). The Court noted that the common-law duty of care imposed on ordinary invitors, to protect invitees from unreasonable risks of harm caused by dangerous conditions on the land, does not generally include "open and obvious conditions because, absent special aspects, such conditions are not unreasonably dangerous precisely because they are open and obvious." *Jones, supra* at 269. But the same reasoning "cannot be applied to the statutory duty of a municipality to maintain sidewalks on public highways because [MCL 691.1402(1)] requires the sidewalks to be kept in 'reasonable repair.' " *Jones, supra* at 269.

The Court in *Jones* noted that MCL 691.1403, which requires knowledge and a reasonable time to repair but establishes a conclusive presumption of knowledge if a readily observable defect has existed for thirty days or longer, contemplates that, in appropriate circumstances, a city may be held liable for defects in a

---

689 NW2d 712 (2004) (holding that other issues can be considered if raised on cross-appeal), lv pending; see also *Walsh v Taylor*, 263 Mich App 618, 621-626; 689 NW2d 506 (2004), request for special panel denied 263 Mich App 801 (2004) (considering other issues as if on leave granted). In *McDowell v Detroit*, 264 Mich App 337, 343-345; 690 NW2d 513 (2004), lv pending, this Court agreed with *Walsh* that issues reviewable on cross-appeal are not similarly limited by the court rule, but assumed, in obiter dictum, that, in order for this Court to consider issues other than the question of governmental immunity raised on direct appeal, the defendant would also have to file an application for leave to appeal.

highway that are "readily apparent to an ordinarily observant person," in other words, are open and obvious. *Id.* at 270. The Court found that this statute reflected a judgment "that the Legislature did not intend to allow a municipality to invoke the open and obvious doctrine in this context." *Id.* This "reinforce[d] the conclusion that the open and obvious doctrine is inapplicable to a claim that a municipality has violated its duty to maintain a highway (including a sidewalk on a highway)." *Id.* Last, the *Jones* Court noted that the specific statutory duty imposed upon municipalities, that is, to keep highways and attendant sidewalks in reasonable repair, prevails over the more general statute, MCL 691.1412, which makes available to municipalities all defenses that are available to private parties. *Id.* at 270-271.

Similarly to MCL 691.1402(1), which was at issue in *Jones,* MCL 691.1406 imposes on governmental agencies the "obligation to repair and maintain public buildings under their control . . . ." Additionally, as in *Jones,* although the statute requires knowledge and a reasonable time to repair, it establishes a conclusive presumption of knowledge if the defect has existed for ninety days or longer before the injury. Nothing in the statute absolves an agency of the duty to repair open and obvious defects in the physical condition of a public building. Applying *Jones* by analogy, we conclude that the open and obvious doctrine does not apply to claims brought under the public building exception to governmental immunity. Accordingly, we need not address plaintiff's argument that the defects alleged in this case present "special aspects" or circumstances making the elevator unreasonably dangerous despite the open and obvious nature of the condition.

We affirm.