*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BRUCE T. WOOD,

        Plaintiff-Appellee,

v

CITY OF DETROIT,

        Defendant-Appellant,

and

JAMES DERRICK PENNINGTON,

        Defendant.

UNPUBLISHED
August 12, 2021

No. 353611
Wayne Circuit Court
LC No. 15-012410-NF

BRUCE T. WOOD,

        Plaintiff-Appellee,

v

LAWRENCE LUCKETT, GEORGE ROBINSON, GREGORY C. FOREMAN, DENISE ALEXANDER-WILLIAMS, WENDELL MANSFIELD, TRACY TURNER, ROBERT GRANGER, DAN HODGES, ARTIE SQUARE, MICHAEL EASON, MICHAEL DOLLY, ARNOLD FAUST, ERIC TRUETT, LAURENCE ASKA, ROBERT RILEY, DION WILLIAMS, and ISIAH WILLIAMS,

        Defendants-Appellants.

No. 353653
Wayne Circuit Court
LC No. 18-007356-NI

Before: LETICA, P.J., and SERVITTO and M. J. KELLY, JJ.

-1-

PER CURIAM.

In Docket No. 353611, defendant city of Detroit (the City), appeals by right the circuit court's opinion and order denying summary disposition on plaintiff's claims of negligent operation under the motor vehicle exception to governmental immunity and respondeat superior based on the driver's negligence. In Docket No. 353653, defendants, Lawrence Luckett, George Robinson, Gregory C. Foreman, Denise Alexander-Williams, Wendell Mansfield, Tracy Turner, Robert Granger, Dan Hodges, Artie Square, Michael Eason, Michael Dolly, Arnold Faust, Eric Truett, Laurence Aska, Robert Riley, Dion Williams, and Isiah Williams (defendant mechanics), appeal by right the same order, which denied summary disposition on plaintiff's claims of gross negligence against them. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

I. BACKGROUND

This matter is before this Court for the second time after remand. This Court described the salient facts in *Wood v Detroit*, 323 Mich App 416, 418; 917 NW2d 709 (2018) (*Wood I*), as follows:

> On July 3, 2015, plaintiff, Bruce Wood, was crossing the street at the intersection of Rosa Parks Boulevard and West Grand Boulevard in Detroit when he heard something. He testified that he turned toward the sound and saw a tire about a foot away from him. He added that he tried to stop it, but the next thing he recalled was waking up in the hospital. It is undisputed that, as a result of being struck by the tire, Wood sustained significant bodily injuries. It is further undisputed that the tire came off a van owned by the city of Detroit that was being operated by [James Derrick] Pennington. Pennington testified that he had been driving about 20 to 25 miles per hour down Rosa Parks Boulevard when the left rear tire came off. He stated that he felt a "jolt" when he lost the tire, then coasted to a stop, parked his vehicle, and went to investigate where the tire went. The authorities were contacted after he saw Wood lying on the ground.

A. *WOOD I*

Plaintiff filed a complaint for first-party and third-party no-fault benefits against the City and Pennington in LC No. 2015-012410-NF, alleging in part that the City was liable under the motor vehicle exception to governmental immunity, MCL 691.1405 (negligent operation), and that Pennington was grossly negligent, MCL 691.1407(2). The defendants in *Wood I* moved for summary disposition, in part, under MCR 2.116(C)(7), asserting that governmental immunity barred plaintiff's claims because the motor vehicle exception did not apply and there was no evidence that Pennington was grossly negligent. *Wood I*, 323 Mich App at 418-419. The circuit court denied defendants' motion. *Id*. at 419.

The defendants (the City and Pennington) appealed the circuit court's decision and, in *Wood I*, this Court affirmed in part and reversed in part. *Id*. at 418. Specifically, this Court first affirmed the denial of summary disposition as to plaintiff's claim against the City under the motor

vehicle exception to governmental immunity. *Id*. at 419-423. This Court held that the exception applied, thereby rejecting the City's claim that it was inapplicable because only negligent maintenance occurred. *Id*. at 419-421. This Court then opined that the remaining question as to that claim on appeal was whether Pennington's operation had been negligent. *Id*. at 421. In this regard, this Court concluded that the circuit court did not err by finding a genuine issue of material fact on this point. *Id*. at 422-423. This Court reasoned:

> In response to defendants' motion for summary disposition, Wood submitted an affidavit from Timothy Robbins, a traffic crash reconstructionist, who asserted that there was no evidence that the rear left wheel had been secured by lug nuts and that the tire came loose while being driven because of the absence of lug nuts. Robbins further averred that the chafing marks on the inside of the tire "correlate with the wheel wobbling prior to becoming separated from the vehicle," which "would not [have been] possible if lug nuts had been affixed to the bolts of the hub." Finally, he asserted that "[t]he extent of chaffing [sic] and scarring to the tire from the unsecured wheel demonstrates the Defendant operator would likely have experienced significant wobbling thus warning him of the unsecured wheel and the danger of continuing to drive the vehicle." In addition, Wood's medical records indicate that, before the accident, he noticed a van with a loose tire. Taken together, this evidence allows for a reasonable inference that, before the wheel fell off the van, the tire would have been wobbling noticeably. Defendants direct this Court to Pennington's deposition testimony to suggest that Pennington did not notice any problems with the van's tire before it came off. However, given that his testimony is contradicted by expert testimony about how the tire would have been affected by the absence of lug nuts, it is clear that resolution of this factual dispute is best suited for a jury, not a trial court on a summary disposition motion. [*Id*. at 421-422 (footnotes omitted; alterations in original).]

Next, the *Wood I* Court reversed the circuit court's denial of summary disposition as to the gross negligence claim against Pennington. *Id*. at 425. This Court agreed that "the complete failure to put lug nuts on the vehicle could, under certain circumstances, constitute gross negligence, in this case[.]" *Id*. at 424. But this Court concluded that plaintiff provided no evidence that Pennington's conduct was grossly negligent, given that Pennington was not responsible for ensuring that there were lug nuts on the van—other "maintenance workers" held that responsibility—and there was no evidence Pennington was actually aware that the vehicle lacked lug nuts before driving it. *Id*. at 424-425. This Court remanded the matter to the circuit court for further proceedings as to the remaining claims against the City, including, *inter alia*, negligent operation under the motor vehicle exception and respondeat superior based on Pennington's negligence. *Id*. at 425.

## B. *WOOD II*

Several months later, plaintiff filed a separate complaint, naming 17 additional defendants in LC No. 18-007356-NI. Plaintiff alleged therein that these defendants, mechanics whom the City employed and who serviced the vehicle on or before the date of the accident, were grossly negligent in maintaining or repairing the subject vehicle, causing the tire to separate from the

vehicle and causing plaintiff's injuries. Discovery ensued on this claim, but it was not productive in identifying the mechanic who serviced the subject van before the accident.

## C. CONSOLIDATED PROCEEDINGS

The circuit court eventually consolidated the cases and defendants jointly moved for summary disposition on grounds of governmental immunity under MCR 2.116(C)(7), as to the motor vehicle exception and gross negligence claims, and under MCR 2.116(C)(8), as to the respondeat superior claim. With respect to the claims against the City, defendants argued that summary disposition was proper because plaintiff failed to produce any admissible evidence that the van was negligently operated. As to defendant mechanics, defendants argued that summary disposition was proper under MCR 2.116(C)(7) because plaintiff had failed to provide any evidence that any of defendant mechanics were grossly negligent. Finally, defendants posited that the contributory negligence statute, MCL 600.2955a, barred plaintiff's claims. Before the circuit court could rule on the motion, plaintiff filed a motion regarding spoliation of evidence, noting the difficulties he had during discovery in identifying the culpable mechanic, and asking for either a default judgment or adverse inference instruction.

The circuit court addressed the motions together. First, the circuit court denied summary disposition as to the claim against the City for negligent operation of the van under the motor vehicle exception to governmental immunity. Specifically, the circuit court rejected the City's argument that Robbins's affidavit was inadmissible such that plaintiff lacked admissible evidence of negligent operation. The court stated:

> [T]he Court of Appeals [in *Woods I*] already considered [p]laintiff's [expert's] conclusions in making its decision on a prior and similar [m]otion. Therefore, the Court of Appeals implicitly ruled that the expert's affidavit is sufficient for the purposes of summary disposition. This Court will not reconsider the issue. [] Notably, a Daubert[1] challenge is properly brought after deposition testimony or through a challenge at trial, not through a challenge on the affidavit['s] foundation.

The circuit court also denied defendants' motion "with respect to the gross negligence of the mechanics and respondeat superior," stating:

> The Court notes that some of the documentation that [p]laintiff sought to support [his] claims against the mechanics, particularly maintenance logs identifying mechanics and services potentially performed on the vehicle, were not produced by [d]efendant because [d]efendant changed computer systems and asserts it is unable to access the data. These issues were the subject of a separate motion on spoliation. This Court held that a jury instruction for an adverse inference against the missing evidence would be given. With this in mind, [d]efendant's argument that [p]laintiff's case should be dismissed because he fails to submit evidence in support of his claims is rejected, as [p]laintiff['s] inability to obtain the evidence is due to [d]efendants' failure to maintain the data. It is

---

[1] *Daubert v Merrell Dow Pharma, Inc*, 509 US 579; 113 S Ct 2786; 125 L Ed 2d 469 (1993).

undisputed that [d]efendants exclusively maintained the vehicle at issue and that [there is] evidence that no lugnuts were attached may be gross negligence. Additionally, res ipsa loquitor is not available to [p]laintiff to show gross negligence, but is available for negligence. *Prosser & Ke[e]ton*, Torts (5th ed.), § 39, p 255.

Lastly, [d]efendants' motion is DENIED with respect to contributory negligence. There is a question of fact as to whether [p]laintiff was more than 50% at fault for the incident.

## II. APPLICABLE LAW

Under MCL 691.1407(1) of the Governmental Tort Liability Act (GTLA), MCL 691.1401 *et seq.*, a governmental agency is generally "immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." This broad grant of immunity is limited by several "narrowly drawn exceptions." *Jackson v Detroit*, 449 Mich 420, 427; 537 NW2d 151 (1995). At issue in this case, with respect to the City, is the motor vehicle exception to governmental immunity, MCL 691.1405. This provision provides that "[g]overnmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner . . . ." *Id.*

The GTLA also provides immunity from tort liability for governmental employees. MCL 691.1407(2). But MCL 691.1407(2)(c) contains a gross negligence exception to this grant of immunity, relevant to the defendant mechanics in this case. In full, MCL 691.1406(2) provides:

Except as otherwise provided in this section, and without regard to the discretionary or ministerial nature of the conduct in question, each officer and employee of a governmental agency, each volunteer acting on behalf of a governmental agency, and each member of a board, council, commission, or statutorily created task force of a governmental agency is immune from tort liability for an injury to a person or damage to property caused by the officer, employee, or member while in the course of employment or service or caused by the volunteer while acting on behalf of a governmental agency if all of the following are met:

(a) The officer, employee, member, or volunteer is acting or reasonably believes he or she is acting within the scope of his or her authority.

(b) The governmental agency is engaged in the exercise or discharge of a governmental function.

(c) The officer's, employee's, member's, or volunteer's conduct does not amount to gross negligence that is the proximate cause of the injury or damage.

The statute defines "gross negligence" to mean "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a).

## III. MOTOR VEHICLE EXCEPTION

The City first argues, with respect to plaintiff's claim for negligent operation of a motor vehicle, that the circuit court erred by relying on Robbins's expert opinion that Pennington would have felt the vehicle wobbling as he drove it, and thus, was negligent for continuing to drive it.[2] The City points out that, absent Robbins's expert opinion, no other record evidence supports that Pennington was negligent or that his negligence was the proximate cause of plaintiff's injuries. The City, however, largely ignores the basis on which the circuit court rejected its arguments—that under the law-of-the-case doctrine, it would not reconsider the issue because, in *Wood I*, this Court ruled that the affidavit was sufficient to create an issue precluding summary disposition. We agree with the circuit court.

Questions of law, including application of the law-of-case-doctrine, are reviewed de novo. *Pioneer State Mut Ins Co v Wright*, 331 Mich App 396, 406; 952 NW2d 586 (2020). "Whether the lower court properly followed an appellate court's ruling on remand is a question of law that this Court reviews de novo." *Id*. (quotation marks and citation omitted).

Under the law of the case doctrine, "the ruling of a higher court on an issue in a case will bind the lower court on remand and the appellate court in any subsequent appeals." *Id*. The principle provides:

> If an appellate court has passed on a legal question and remanded the case for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain materially the same. The appellate court's decision likewise binds lower tribunals because the tribunal may not take action on remand that is inconsistent with the judgment of the appellate court. Thus, as a general rule, an appellate court's determination of an issue in a case binds lower tribunals on remand and the appellate court in subsequent appeals. [*Id*., quoting *Grievance*

---

[2] Plaintiff contends that the City's argument is not truly grounded in governmental immunity, but instead, is rooted in MCL 600.2955 and MRE 702, which govern the admissibility of an expert witness's testimony. Thus, plaintiff argues that this Court does not have jurisdiction to review this question as it is unrelated to governmental immunity. See *Pierce v Lansing*, 265 Mich App 174, 182-183; 694 NW2d 65 (2005); MCR 7.203(A)(1) ("An appeal from an order described in MCR 7.202(6)(a)(*iii*)-(*v*) is limited to the portion of the order with respect to which there is an appeal or right."); MCR 7.202(6)(a)(*v*) (defining a final order, which is appealable as of right, to include "an order denying governmental immunity to a governmental party, including a governmental agency, official, or employee under MCR 2.116(C)(7) or an order denying a motion for summary disposition under MCR 2.116(C)(10) based on governmental immunity."). Even if plaintiff's characterization regarding the nature of the City's challenge is correct, in the interest of judicial economy, we would nevertheless address the issue raised as on leave granted at this stage. *Pierce*, 265 Mich App at 183; MCR 7.205. To the extent plaintiff challenges our jurisdiction regarding the remaining issue, at this stage, given our interest in judicial economy, we would address them as on leave granted as well. *Id*.

-6-

*Administrator v Lopatin*, 462 Mich 235, 259; 612 NW2d 120 (2000) (quotation marks and citations omitted).]

The doctrine applies "only to issues actually decided, either implicitly or explicitly, in the prior appeal." *Lopatin*, 462 Mich at 260. Likewise, "courts are bound by the doctrine unless there has been a material change in the facts or an intervening change in the law." *Pioneer State Mut Ins Co*, 331 Mich App at 407.

In this case, the *Wood I* Court concluded that a question of fact existed whether Pennington was negligent on the basis that Robbins's opinion would allow a reasonable inference that Pennington continued to drive the van despite the wheel noticeably wobbling. *Wood I*, 323 Mich App at 421-422. Therefore, the *Wood I* Court concluded that denial of summary disposition was proper given that a genuine issue of material fact existed whether Pennington was negligent in operating the van. *Id*. at 423-424. Of significance, this Court reviews only *admissible* documentation that is provided in considering whether a motion under MCR 2.116(C)(7) was properly granted or denied. See *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999); MCR 2.116(G)(6) ("Affidavits, depositions, admission, and documentary evidence offered in support of or in opposition to a motion based on subrule [MCR 2.116](C)(1)-(7) or (10) shall only be considered to the extent that the content or substance would be admissible as evidence to establish or deny the grounds stated in the motion."). Therefore, implicit in the *Wood I* decision is a conclusion that Robbins's expert opinion was admissible because it met the requirements of MRE 702 and MCL 600.2955. Under these circumstances, the circuit court did not err by concluding that *Wood I* was law of the case as to the admissibility of Robbins's affidavit and declining to consider the merits of the City's arguments.

On appeal, the City urges us to reconsider the admissibility of Robbins's affidavit, arguing that an exception to the law-of-the-case doctrine applies, i.e., that the facts are materially different on remand. In this regard, the City points to the affidavit of its own accident reconstructionist produced after remand. Although the City has proffered additional evidence, it has not established a material change in the facts such that Robbins's affidavit is no longer admissible. Indeed, the City fails to explain how its expert's opinion constitutes a material change in the facts that would render Robbins's affidavit unreliable; rather, its expert's opinion merely presents a competing view of the materially, unchanged evidence related to the accident. The City also argues that it is allowed to refile a motion for summary disposition based on governmental immunity at any time. The City, however, cites no supporting authority that this rule defeats the law-of-the-case doctrine in the absence of materially different facts. Therefore, the *Wood I* Court's implicit conclusion that Robbins's affidavit is admissible is the law of the case binds us on this subsequent appeal, and we cannot make a contrary determination. See *Lopatin*, 462 Mich at 259. Accordingly, we reject defendant City's claim.

## IV. RESPONDEAT SUPERIOR

The City next argues that the circuit court erred by denying summary disposition on plaintiff's "respondeat superior and gross negligence claims." According to the City, there is no exception to governmental immunity based on gross negligence or respondeat superior and summary disposition should have been granted under MCR 2.116(C)(8).

"A motion under MCR 2.116(C)(8) tests the *legal sufficiency* of a claim based on the factual allegations in the complaint." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). "When deciding a motion under MCR 2.116(C)(8), the court must accept as true all factual allegations contained in the complaint." *Bailey v Schaaf*, 494 Mich 595, 603; 835 NW2d 413 (2013). "A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *El-Khalil*, 504 Mich at 160.

Count V of plaintiff's complaint in *Wood I* was titled "respondeat superior." Plaintiff pleaded as follows:

> 35. That on or about July 3, 2015, Defendant Owner, CITY OF DETROIT, was the owner of said vehicle, operated by Defendant, JAMES DERRICK PENNINGTON.
>
> 36. That on or about July 3, 2015, Defendant JAMES DERRICK PENNINGTON, was the employee, servant, and agent of said Defendant Owner.
>
> 37. That on or about July 3, 2015, Defendant JAMES DERRICK PENNINGTON, was operating said motor vehicle with the express and/or implied consent of Defendant Owner.
>
> 38. That on or about July 3, 2015, Defendant knew or should have known that the Defendant's employee JAMES DERRICK PENNINGTON was operating said motor vehicle.
>
> 39. That Defendant, JAMES DERRICK PENNINGTON, was operating said motor vehicle during the course of his employment for Defendant Owner, CITY OF DETROIT, and during the course of his regular duties as a driver for said Defendant.
>
> 40. That Defendant Owner, CITY OF DETROIT, is liable for the negligent operation of its vehicle by said servant, employee, and agent, pursuant to the Doctrine of Respondeat Superior.

Read as a whole, plaintiff's claim of respondeat superior is based on Pennington's negligent operation of the van.

As the Michigan Supreme Court has recognized, "[a] governmental agency can be held vicariously liable only when its officer, employee, or agent, acting during the course of employment and within the scope of authority, commits a tort while engaged in an activity which is nongovernmental or proprietary, or *which falls within a statutory exception*." *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567, 625; 363 NW2d 641 (1984) (emphasis added), superseded by statute on other grounds as stated in *Jones v Bitner*, 300 Mich App 65, 74-75; 832 NW2d 426 (2013). As pleaded in his complaint, plaintiff asserted a claim of vicarious liability based on Pennington's negligent operation of a motor vehicle. Plainly, Pennington's allegedly negligent operation of a motor vehicle falls within a statutory exception to an agency's governmental immunity, i.e., the motor vehicle exception, and the City may be held vicariously

liable for Pennington's negligence. See *id.* Stated differently, the City is not entitled to dismissal because plaintiff has adduced facts, that if believed, would allow a trier of fact to conclude that the motor vehicle exception applies, i.e., it can be held vicariously liable for Pennington's negligence under the motor vehicle exception. Accordingly, we conclude that the circuit court did not err by denying dismissal of plaintiff's respondeat superior claim based on Pennington's negligence.[3]

## V. RES IPSA LOQUITUR

The City additionally argues that the circuit court erred by denying summary disposition on plaintiff's claim of negligence based on res ipsa loquitur and also suggests that the circuit court erred because the doctrine does not apply to gross negligence. These claims are not justiciable.

A review of plaintiff's complaints in both cases shows that plaintiff's theory to establish negligence was not predicated on application of res ipsa loquitur. The doctrine is not referenced in either complaint and plaintiff did not plead the elements relevant to that theory. Instead, plaintiff raised the doctrine for the first time in its response to defendants' summary disposition brief as to defendant mechanics' gross negligence only. In turn, the circuit court clarified that the doctrine of res ipsa loquitur applies to negligence claims, but not gross negligence claims.

The City first suggests that the circuit court erred by determining that the doctrine of res ipsa loquitur applies to gross negligence claims. The circuit court, however, ruled that res ipsa loquitur *does not* apply to claims of gross negligence. Because the circuit court found that res ipsa loquitur does not apply to gross negligence claims, the City is not an aggrieved party in this regard. See *Manuel v Gill*, 481 Mich 637, 643-644; 753 NW2d 48 (2008) (indicating a party that is not aggrieved by a lower court's decision lacks appellate standing, rendering the claim nonjusticiable). Accordingly, the City lacks appellate standing to pursue this argument.

Relatedly, the City argues that the circuit court erred by allowing plaintiff's claim of negligence based on res ipsa loquitur. As noted, plaintiff did not predicate his claim on that doctrine. And whether plaintiff seeks an instruction for res ipsa loquitur with respect to Pennington's negligence for purposes of the motor vehicle exception is entirely hypothetical. "The doctrine of ripeness is designed to prevent the adjudication of hypothetical or contingent claims before an actual injury has been sustained." *Huntington Woods v Detroit*, 279 Mich App 603, 615-616; 761 NW2d 127 (2008) (quotation marks and citation omitted). An issue is not ripe for adjudication if "it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Id*. (quotation marks and citation omitted). Accordingly, the City was not

---

[3] The City's argument on appeal suggests that the circuit court's ruling permitted a claim of vicarious liability against the City for defendant mechanics' gross negligence. When considered in context of the pleadings, we do not read the circuit court's opinion as allowing such a claim. In any case, with respect to gross negligence, this Court has recognized that a governmental agency is not vicariously liable for the gross negligence of its officer, employee, or agent. *Yoches v Dearborn*, 320 Mich App 461, 476; 904 NW2d 887 (2017) (noting that MCL 691.1407(2) "does not provide that a governmental agency otherwise entitled to immunity can be vicariously liable for the officer's or employee's gross negligence.").

injured by the circuit court's statement that the doctrine of res ipsa loquitur only applies to gross negligence claims and the City's challenges with respect to res ipsa loquitur are not justiciable.

## VI. MOTION FOR SPOLIATION

As to the gross negligence claim against defendant mechanics, defendant mechanics argue that the circuit court erred by denying their motion for summary disposition because plaintiff failed to show that they were grossly negligent or that their gross negligence was the proximate cause of plaintiff's injuries. Defendant mechanics point out that plaintiff provided no evidence that any of the named mechanics either maintained or inspected the van before the incident, or that if they maintained or inspected the van, that their acts in fact caused plaintiff's injuries. The circuit court held that an adverse inference instruction would be allowed as to the missing evidence because plaintiff's inability to obtain the information was due to "defendants" failure to maintain the data.

Although defendants frame this issue as a challenge to the circuit court's summary disposition ruling, the substance of their briefing is a challenge to the circuit court's decision on plaintiff's motion for spoliation of evidence. This Court reviews for an abuse of discretion a circuit court's decision on a motion for spoliation. *Brenner v Kolk*, 226 Mich App 149, 160; 573 NW2d 65 (1997).

Defendant mechanics are correct that the record lacks evidence that any of them worked on or inspected the van before the accident, or that their actions or inactions caused plaintiff's injuries. Whether plaintiff is allowed to proceed on this claim, thus, turns on whether the circuit court properly ruled that plaintiff should be allowed an adverse inference instruction to establish these facts at trial. In this regard, defendants argue that an adverse inference should not be allowed because there was no intentional destruction of evidence indicating fraud or a desire to suppress the truth and that the City, not defendant mechanics, owned and controlled the records.

"Even when an action has not been commenced and there is only a potential for litigation, the litigant is under a duty to preserve evidence that it knows or reasonably should know is relevant to the action." *Brenner*, 226 Mich App at 162. When either intentional or unintentional spoliation of evidence occurs, and the opposing party is unfairly prejudiced thereby, a circuit court has the inherent authority to sanction the culpable party to preserve the fairness and integrity of the judicial system. *Id*. at 160. In fashioning an appropriate sanction, "the trial court must carefully evaluate all available options on the record[.]" *Bloemendaal v Town & Country Sports Ctr Inc*, 255 Mich App 207, 214; 659 NW2d 684 (2002).

In this case, plaintiff's motion for spoliation requested either a default be entered against defendant mechanics or that an adverse inference instruction be provided to the jury because the City failed to preserve the van's maintenance records for the time immediately before the accident. The circuit court granted the motion, allowing for an adverse inference instruction, after noting that "[d]efendants exclusively maintained the vehicle at issue" and that evidence of maintenance services would be material to identifying the responsible mechanics and supporting a claim for gross negligence.

These circumstances plainly support a sanction as evidence relevant to plaintiff's gross negligence claims was not preserved.[4] The circuit court's chosen sanction, however, allowed an adverse inference jury instruction for the missing evidence for gross negligence claims against all defendant mechanics. Missing from the circuit court's analysis, despite the fact that defendant mechanics exclusively maintained the vehicle, is whether the missing maintenance records were actually within the control of each of the named mechanics or could have been produced by them, i.e., whether each of the defendant mechanics were culpable parties in failing to maintain the relevant data. An adverse inference jury instruction is only supported if the evidence was under the control of the named defendants. See M Civ JI 6.01(a).[5] Without making this determination, the circuit court failed to "carefully fashion[] a sanction that denies [each of the 17 mechanics] the fruits of [their] misconduct." *Brenner*, 226 Mich App at 161. Accordingly, we remand for the

---

[4] Defendants claim that the sanction here was inappropriate because the spoliation was not intentional conduct indicative of fraud or a desire to suppress evidence. The law defendants cite, however, is inapplicable. Missing evidence may give rise to an adverse *presumption* if the spoliation is intentional, which *requires* a finding of fault if it is unrebutted at trial. See *Lagalo v Allied Corp (On Remand)*, 233 Mich App 514, 520-521; 592 NW2d 786 (1999), abrogated on other grounds by *Kelly v Builders Square*, 465 Mich 29, 38; 632 NW2d 912 (2001) (explaining difference between adverse presumption instruction and adverse inference instruction). If the spoliation is unintentional, however, courts have the inherent authority to fashion a sanction, including providing an adverse inference instruction, which merely allows the jury to make a permissible inference of fault. *Brenner*, 226 Mich App at 160. The circuit court here did not mandate an adverse presumption instruction.

[5] M Civ JI 6.01(a) provides:

(The [ plaintiff / defendant ] in this case has not offered [ the testimony of [*name*] / [*identify exhibit* ] ]. As this evidence was under the control of the [ plaintiff / defendant ] and could have been produced by [ him / her ], and no reasonable excuse for the [ plaintiff's / defendant's ] failure to produce the evidence was given, you may infer that the evidence would have been adverse to the [ plaintiff / defendant ].)

A Use Note to the instruction further provides:

Instruction a should be given when the Court finds that—

1. the evidence was under the control of the (plaintiff) (defendant) and could have been produced by him or her;

2. no reasonable excuse for (plaintiff's) (defendant's) failure to produce the evidence has been shown; and

3. the evidence would have been material, not merely cumulative, and not equally available to the opposite party.

trial court to allow the adverse inference instruction against only those defendant mechanics who exercised control with respect to the maintenance logs.[6]

## VII. CONTRIBUTORY NEGLIGENCE

Finally, defendants argue that the circuit court erred by denying summary disposition because all of plaintiff's claims are barred under MCL 600.2955a.[7]  This statute provides an absolute defense to an action for injury when the injured person had an impaired ability that caused him to be 50% or more the cause of the incident that led to the injury.  According to defendants, because plaintiff was impaired, he was at least 50% at fault, and the circuit court erred by denying their motion with respect to contributory negligence under MCL 600.2955a.

Initially, defendants' argument is cursory.  Defendants do not cite any law indicating that the fact of intoxication alone satisfies the defense, or otherwise explain how, based on record evidence, plaintiff's intoxication played a decisive role in his injury.  Accordingly, defendants' argument is abandoned.  See *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 406; 651 NW2d 756 (2002) (quotation marks and citation omitted) ("It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover

---

[6] From the present record, it appears that at least two of the named defendant mechanics may have had some control of the records at issue.  Lawrence Luckett was the supervisor of the maintenance team and testified that his department physically maintained write up cards and other records for a period of five to seven years, but did not produce any records.  Likewise, a handwritten journal of Denise Alexander-Williams was produced, showing that she worked on the subject van the day after the accident, but missing from the journal were the two previous pages of the journal that would have correlated to the day of, and days preceding, the accident.

[7] MCL 600.2955a provides:

> It is an absolute defense in an action for the death of an individual or for injury to a person or property that the individual upon whose death or injury the action is based had an impaired ability to function due to the influence of intoxicating liquor or a controlled substance, and as a result of that impaired ability, the individual was 50% or more the cause of the accident or event that resulted in the death or injury.  If the individual described in this subsection was less than 50% the cause of the accident or event, an award of damages shall be reduced by that percentage.

 and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position.").  In any event, review of the record supports the trial court's determination that "[t]here is a question of fact as to whether [p]laintiff was more than 50% at fault for the incident."

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Anica Letica
/s/ Deborah A. Servitto
/s/ Michael J. Kelly